**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TENSOR ENGINEERING, INC.,

                        Plaintiff,

            - against -

INTERNATIONAL BRIDGE
& IRON CO., et al.,

                        Defendants.
-----------------------------------------------------------X

**ORDER**

CV 05-4723 (JFB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Tensor Engineering, Inc. ("Tensor") commenced this action against several defendants on October 6, 2005. *See* Docket Entry ("DE") 1. Most of the named defendants answered, and in doing so some asserted counterclaims against Tensor, and some also asserted cross-claims against other defendants. *See* DE 8, DE 10, DE 11, DE 22. One defendant, however – International Bridge & Iron Co. ("IBI") – did none of those things until for over a year after the case began.

      To be sure, IBI did purport to answer as early as December 9, 2005, but only by means of a document submitted by its principal, Joseph Bachta. DE 12. Because a corporate entity may appear only through counsel, Mr. Bachta's attempt to file an answer was a procedural nullity. *See Pridgen v. Andersen*, 113 F.3d 391 (2d Cir. 1997); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983). Thus, as of November 6, 2006, IBI had never appeared in this action, and Tensor had never done anything to vindicate its rights arising from that default. I therefore entered an order directing Tensor either to seek a default judgment or voluntarily dismiss against IBI, and cautioned that if it did neither by November 10, 2006, I would *sua sponte* issue a report and recommendation urging the court to dismiss the claims against IBI. DE 21.

On the afternoon of November 8, 2006, a number of actions occurred in quick succession that combined to create a procedural anomaly: (1) Tensor belatedly moved for a default judgment against IBI, DE 24 (filed at 12:09 p.m.); (2) the Clerk entered a notation of default, DE 25 (3:05 p.m.); and (3) attorney Mac S. Gutman, who represents all of the other remaining defendants – some of whom are adverse to IBI – filed an answer on behalf of IBI, DE 26 (4:58 p.m.), a notice of appearance for IBI, DE 27 (5:02 p.m.); and a letter asking that the default motion be held in abeyance, DE 28 (6:00 p.m.).

As a result, the only action that IBI has taken to fend off an otherwise appropriate default judgment has been taken on its behalf by an attorney who, by virtue of representing adverse parties, is laboring under a patent conflict of interest. I therefore order that one of the following events must occur no later than December 15, 2006: either attorney Gutman must show cause why he should not be disqualified from representing IBI, or IBI must appear through unconflicted counsel. If neither event occurs within the prescribed period, I will *sua sponte* disqualify Mr. Gutman from representing IBI, which will result in IBI again being without counsel and therefore unable to participate in these proceedings and subject to the entry of a default judgment.

In light of the foregoing, I will adjourn the settlement conference previously scheduled for December 4, 2006, to December 21, 2006 at 9:30 a.m. Finally, in light of the unusual circumstances, I direct Mr. Gutman to provide a copy of this order to IBI's principal, Mr. Bachta.

**SO ORDERED.**

Dated: Brooklyn, New York
December 1, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge